IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00208-WCM

| | |
|---|---|
| DOMINIQUE JOCELYN FLOWERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> ANDREW M. SAUL, ) <br> Acting Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM <br> AND ORDER |

This matter is before the Court on the parties' cross motions for summary judgment. Docs. 17 & 18.

A hearing on the Motions was conducted on May 27, 2021. At the conclusion of that hearing, the Court orally denied Plaintiff's Motion for Summary Judgment (Doc. 17) and granted the Commissioner's Motion for Summary Judgment (Doc. 18).[1] This Order memorializes that ruling.

---

[1] The parties have consented to the disposition of this matter by a United States Magistrate Judge. Doc. 16.

## I. Relevant Background

On March 29, 2017, Plaintiff Dominique Jocelyn Flowers, filed an application seeking supplemental security benefits, alleging disability beginning March 1, 2017. Transcript of Administrative Record ("AR") at 169.

On May 1, 2019, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR at 9-21. That decision is the Commissioner's final decision for purposes of this action.

## II. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ erred in failing to find that she meets Listing 12.04 with respect to "depression, bipolar and related disorders." In making this argument, Plaintiff also contends that the ALJ failed to give proper weight to the opinions of Dr. Chad Ritterspach and Carol Winnesette.[2]

## III. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from

---

[2] Plaintiff's written filings also rely, in part, on IQ scores which Plaintiff contends establish some level of intellectual disability. For example, Plaintiff cites to psychological tests administered in 2006, 2009, and 2017. Doc. 17-1 at 5-6. However, this information appears relevant to an argument under Listing 12.05B and, during the May 27, 2021 hearing, Plaintiff's counsel confirmed that Plaintiff was not asserting that she meets Listing 12.05 (Intellectual Disorder).

engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. §405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## IV. Discussion

The Listings detail impairments that are considered "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a) & 416.925(a). "A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" Radford v. Colvin, 734 F.3d 288, 291 (4th Cir. 2013). The burden of presenting evidence that an impairment meets or is medically equivalent to a listed impairment lies with the claimant. Kellough v. Heckler, 785 F.2d 1147, 1152 (4th Cir. 1986). An impairment meets a listing if it satisfies all the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). To establish medical equivalence, a claimant must "present medical findings equal in severity to all the criteria" for the particular listing. Id. at 531.

Listing 12.04 requires, in addition to medical documentation of depressive disorder or bipolar disorder, see Listing 12.04A, proof that Plaintiff has at least one "extreme" limitation, or at least two "marked" limitations in the following areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting

or maintaining pace; and (4) adapting or managing oneself.[3] Listing 12.04B. Plaintiff argues that she has extreme limitations in all areas of functioning other than interacting with others.

Here, the ALJ found that Plaintiff had a mild limitation in the area of adapting or managing herself, and moderate limitations in the other three areas of mental functioning. In so finding, the ALJ considered Plaintiff's self-reported limitations and testimony, observations made by Dr. Ritterspach during a consultative examination, and Plaintiff's medical records. AR at 16-17. Among other things, the ALJ explained that Plaintiff was taking and passing online college courses, and that during the consultative examination, her memory and concentration were intact, and she was able to follow simple directions. AR 16. Additionally, the ALJ cited medical records in which Plaintiff was noted to be cooperative, engaged, personable, friendly, and well-groomed with an average demeanor. Id. The undersigned finds that the ALJ's conclusions are supported by substantial evidence.

---

[3] Plaintiff has not argued that she meets the requirements of Listing 12.04C.

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 17) is **DENIED**, and the Commissioner's Motion for Summary Judgment (Doc. 18) is **GRANTED**.

Signed: May 28, 2021

W. Carleton Metcalf
United States Magistrate Judge